THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ASPEN AMERICAN INSURANCE CO.,** *Plaintiff*, v. **RAFAEL LUQUIS-GUADALUPE,** *Defendant.* | Civ. No. 24-01277 (MAJ) |

**OPINION AND ORDER**

**I.    INTRODUCTION**

This case presents a triad of elements familiar to many insurance disputes: fire, water, and policy coverage. Plaintiff, Aspen American Insurance Co. ("Plaintiff"), has initiated this declaratory judgment action with the intent of invalidating an insurance policy that covers the "Descalza," a 28-foot yacht owned by Defendant Rafael Luquis-Guadalupe, ("Defendant"). (**ECF No. 1 at 2 ¶ 5**). The yacht, which is now a charred remnant of its former self, was destroyed by fire while docked at the Salinas Marina in Salinas, Puerto Rico. (**ECF No. 12**). Plaintiff seeks a declaration that the insurance policy issued to Defendant is void due to alleged misrepresentations.

The fire, which occurred on May 22, 2024, spread to multiple boats,[1] including two owned by Ira Myerson and Cynthia Casanova, ("Intervenors"). Before the Court is their Motion for Intervention (the "Motion") under Federal Rule of Civil Procedure 24(a)(1)

---

[1] Maritime law broadly defines "vessels" as crafts capable of navigation on oceans, rivers, seas, and other navigable waters. *Acadia Ins. Co. v. McNeil*, 116 F.3d 599, 602 (1st Cir. 1997) (cleaned up). However, the Court observes that there is a notable lack of consensus among seafarers as to what distinguishes a "boat" from a "yacht." Accordingly, and without intending to wade into this particular nautical debate, the Court will use both terms interchangeably when referring to the vessels at issue. *See e.g.*, Kim Kavin, When Does a Boat Become a Yacht? A Comprehensive Guide, BOATS.COM (Apr. 7, 2024), https://www.boats.com/on-the-water/when-is-a-boat-also-a-yacht/; Paolo Moretti, Yacht Classification Definitions, BOAT INT'L (Jan. 21, 2015), https://www.boatinternational.com/yachts/luxury-yacht-advice/yacht-classification-definitions--587.

and (2). (**ECF No. 12**). The Intervenors contend that their interests are directly affected by the outcome of this litigation, as their ability to recover for the damages to their boats depends on the validity of the insurance policy. *Id*. Specifically, they seek indemnification for the damage to their yachts under the insurance policy for the *Descalza* issued by Plaintiff. *Id*.

Plaintiff contends that the Motion fails because the Intervenors lack a direct, legally protectable interest in the policy and their interests align with Defendant's. (**ECF No. 13**). Their purely economic stake, contingent on a separate lawsuit's outcome, Plaintiff argues, falls short of Rule 24(a)'s requirements. *Id*. After careful consideration and for the reasons explained below, the Motion for Intervention is **DENIED**. (**ECF No. 12**).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 24 provides for intervention, both as of right and permissive intervention. To intervene as of right under Rule 24(a)(2), a movant must demonstrate that: (i) the motion is timely; (ii) the movant has an interest relating to the property or transaction that is the subject of the action; (iii) the action's resolution may impair or impede the movant's ability to protect its interest; and (iv) no existing party adequately represents the movant's interest. *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020). "It is black letter law that a failure to satisfy any one of these four requirements sounds the death knell for a motion to intervene as of right." *Id*.

To satisfy the adequacy of representation requirement, an intervenor need only make a minimal showing that the representation by an existing party may prove inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Patch*, 136 F.3d at 207. Where an intervenor's ultimate objective aligns with an existing party, there

is a rebuttable presumption of adequate representation. *See Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 111 (1st Cir. 1999); *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979). However, this presumption is not insurmountable and can be rebutted with an adequate explanation showing why the intervenor's interest diverges from that of the existing party. *Maine v. United States Fish & Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001).

### III.   DISCUSSION

Given that Plaintiff does not dispute the timeliness of the instant Motion, the Court will focus its attention on the remaining three elements to intervene as of right under Rule 24(a)(2). (**ECF No. 13 at 2**).

#### a. Interest in the Property or Transaction

Intervening claimants must demonstrate that they have a significant interest related to the property or transaction at issue in the litigation. Such an interest must not be "remote and indirect," but rather "significantly protectable." *Patch v. HHS (Patch II)*, 136 F.3d 197, 202 (1st Cir. 1998). The Intervenors argue they have a "concrete interest" because they seek to enforce their right to indemnification under the insurance policy being contested by Plaintiff. (**ECF No. 12 at 3**).

In a case that is strikingly similar to the instant matter, *N.H. Ins. Co. v. Greaves*, the plaintiff, an insurance company, filed a declaratory judgment seeking to rescind the liability insurance policy it issued covering the defendant's boat. 110 F.R.D. 549, 552 (D.R.I. 1986). The insured's boat collided with another boat and two people went overboard, one of whom was struck and killed by another boat. *Id*. The insurance company sought to void the defendant's policy, contending that he had made misrepresentations and concealments in connection with his application for insurance.

*Id.* at 550. In that case, the court granted the injured persons' motion to intervene, finding that "[t]here is nothing in the wording or the history of Rule 24 which indicates intent to exclude would be intervenors whose interest in the pending litigation is not yet vested." *Id.* at 550.

Furthermore, under 26 L.P.R.A. § 2001, a third-party tort claimant's rights against the insurer vest at the time of the underlying accident. 26 L.P.R.A. § 2001 ("The insurer … shall become liable whenever a loss covered by the policy occurs."). The Intervenors therefore have a concrete, protectable interest in the validity of the insurance policy covering the *Descalza*. Just as in *N.H. Ins. Co. v. Greaves*, the Intervenors' stake in the contested insurance policy is significant enough to justify their participation in this declaratory judgment action. Their claim to indemnification under the contested insurance policy constitutes a direct and concrete interest, as the outcome of the primary action may directly affect their ability to recover under the policy. *See Negrón-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008) (holding that an economic interest directly affected by litigation suffices to demonstrate an interest).

### b. Impairment of Ability to Protect Interest

The next requirement under Rule 24(a)(2) is that the disposition of the action may impair or impede the movant's ability to protect their interest. The Intervenors argue that if the Court finds the insurance policy void, they would be precluded from recovering under the policy in any subsequent litigation. (**ECF No. 12 at 4**). The Court agrees. Put simply, the Intervenors would be unable to recover under a policy if it no longer exists. *See Ungar v. Arafat*, 634 F.3d 46, 50 (1st Cir. 2011) (finding intervention appropriate where resolution of the action could prevent the movant from bringing a related claim).

### c. Adequacy of Representation

Finally, the Court must consider whether the existing parties adequately represent the Intervenors' interests. Generally, a presumption of adequate representation exists when the interests of the intervenor and an existing party are aligned. *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). For the purposes of this litigation, Intervenors' interests are aligned with Defendant's: in order to recover for the damages caused to their respective vessels, both parties have an incentive to establish that the insurance policy in question is valid and enforceable.

While a presumption of adequate representation arises because Defendant and the proposed intervenors seek a similar outcome—preserving the insurance policy—this presumption can be overcome. To overcome the presumption, the intervenor need only offer "an adequate explanation as to why" it is not sufficiently represented by the named party. *B. Fernández & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541 (1st Cir. 2006) (citing *Maine v. United States Fish & Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001)). In this case, however, the Intervenors have failed to carry that burden.

The Intervenors contend that while Defendant has an interest in preserving the policy, he "will not be looking out for the interest of the Intervening Claimants" and that he may settle his claims to their detriment. (**ECF No. 12 at 4**). This argument does not present a compelling theory as to why the Intervenors' interests are not adequately represented by Defendant. For one, the Intervenors do not contest that they share with Defendant an overriding interest in maintaining the validity of the insurance policy. And the only other argument set forth by the Intervenors is not persuasive: while the Intervenors argue that their interests are not adequately represented because Defendant may settle this case and leave the Intervenors without recourse, that argument reflects a

5

misunderstanding of applicable law. Indeed, under 26 L.P.R.A. § 2002, insurance providers may not "retroactively annul any liability insurance policy by *any agreement* between the insurer and the insured after occurrence of any injury, death, or damage to a third person for which the insured may be liable, and any such annulment attempted shall be void." 26 L.P.R.A. § 2002 (emphasis added). In other words, Plaintiff and Defendant are prohibited by law from adopting a settlement agreement that deprives the Intervenors of a direct right of action against Plaintiff.[2] Their right of action against Plaintiffs will disappear only if this Court declares the insurance policy in question null and void. Defendant has every incentive to prevent that outcome and secure a judgment that leaves both the Intervenors and Defendant with a right to recover from Plaintiff. Furthermore, while it is conceivable that the Intervenors and Defendant may seek to hold Plaintiff liable for different amounts, this declaratory judgment action will not involve any determination of damages.

The Intervenors have presented no further reasons as to why the Defendant is not able to adequately represent their interests. The Intervenors have not suggested that Defendant lacks the resources to litigate this case, that Defendant retained unqualified or incompetent counsel, or that Defendant has done anything else to call into question his intention to vigorously defend the validity of his insurance policy. *See Students for Fair Admissions, Inc. V. President & Fellows of Harvard Coll.*, 807 F.3d 472, 475 (1st Cir. 2015) ("Adding heft to the presumption [of adequate representation] in this case are the facts that [the defendant] has the resources necessary to litigate the case, that it has retained counsel of whom [the intervenors] offer no criticism, and that it has publicly

---

[2] Moreover, because Plaintiff has now litigated that issue before this Court, it will be collaterally estopped in any future lawsuits from arguing to the contrary that a settlement agreement with Defendant could lawfully abrogate its liability vis-a-vis the Intervenors.

6

characterized the lawsuit through its highest officials as a threat to its 'most fundamental values.'"). Nor have the Intervenors raised any concerns that Defendant may "not be as vigorous in his opposition of the insurer's attempt to invalidate the policy" because he is likely to file for bankruptcy. *See Greaves*, 110 F.R.D. 549, 553 (D.R.I. 1986) (permitting intervention while clarifying that the court would not "hold that any potential creditor of a defendant in a declaratory judgment action brought by an insurer has a right to intervene in that action.").

Moreover, the Court's decision today to deny intervention is consistent with prior decisions in this circuit that presented analogous facts. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989) (Finding that insurance company was not entitled to intervene as a matter of right in actions filed by tort-claimants against insured); *Goodrich v. Cequent Performance Products*, Inc. 311 F.R.D. 22 (D. Mass. 2015) (finding that insurance company was not entitled to intervene as a matter of right in products liability action brought by injured worker insured by intervenors).

In sum, because their interests are adequately represented by Defendant, the Intervenors are not entitled to intervene in this litigation as a matter of right.

## I.   CONCLUSION

For the foregoing reasons, the Court finds that the Intervenors do not satisfy the requirements for intervention as of right under Rule 24(a)(2). Accordingly, their Motion for Intervention (**ECF No. 12**) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of October, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**