UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ASPEN AMERICAN INSURANCE CO.,**

*Plaintiff*,

v.

**RAFAEL LUQUIS-GUADALUPE,**

*Defendant.*

Civ. No. 24-01277 (MAJ)

## OPINION AND ORDER

### I. Introduction

This action for declaratory judgment is brought by Aspen American Insurance Company ("Aspen American") against Rafael Luquis-Guadalupe ("Luquis-Guadalupe"). (**ECF No. 1**). On May 22, 2024, a fire broke out on the *Descalza*, a twenty-eight-foot yacht owned by Luquis-Guadalupe. (**ECF No. 28 at 2 ¶¶ 2–3, 3–4 ¶ 10**); (**ECF No. 56 at 1 ¶ 2, 2 ¶ 3, 4 ¶ 11**). The fire quickly spread, engulfing nearby boats and causing significant damage. (**ECF No. 28 at 3–4 ¶ 10**); (**ECF No. 56 at 4 ¶ 11**). Following the incident, Luquis-Guadalupe filed a claim with Aspen American, the insurer of the *Descalza*. (**ECF No. 28 at 4 ¶ 11**); (**ECF No. 56 at 4 ¶ 12**). After investigating the claim, Aspen American sought to void the insurance policy and filed this action seeking declaratory relief. (**ECF No. 1**).

Before the Court is a Motion for Summary Judgment (the "Motion") submitted by Aspen American. (**ECF No. 29**). In the Motion, Aspen American argues that omissions in the insurance application filed by Luquis-Guadalupe have rendered the resulting insurance policy voidable under the marine insurance doctrine of *uberrimae*

*fidei*, as well as for breach of the warranty of truthfulness. *Id*. After carefully examining the record and controlling law, the Motion is **GRANTED** in part.[1]

## II.    Facts[2]

Luquis-Guadalupe is the owner of the *Descalza*, a twenty-eight-foot yacht that he purchased in early 2018. (**ECF No. 28 at 2 ¶¶ 2–3**); (**ECF No. 56 at 1 ¶ 2 – 2 ¶ 3**). On March 12, 2018, Luquis-Guadalupe filed an application for insurance coverage (the "Application") with Aspen American. (**ECF No. 28 at 2 ¶ 4**); (**ECF No. 56 at 2 ¶ 4**).[3] The application form provided the following warnings:

---

[1]     In resolving this Motion, the Court analyzed the Complaint, (**ECF No. 1**), the Answer and Counterclaim, (**ECF No. 10**), the Answer to the Counterclaim, (**ECF No. 25**), the Amended Complaint, (**ECF No. 27**), the Answer to the Amended Complaint, (**ECF No. 40**), the Statement of Uncontested Material Facts, (**ECF No. 28**), the instant Motion for Summary Judgment, (**ECF No. 29**), the Response to the Motion for Summary Judgment, (**ECF No. 55**), the Response to the Statement of Uncontested Material Facts, (**ECF No. 56**), relevant exhibits and translations to these filings, and the totality of the record. The Court notes that Luquis-Guadalupe had initially responded to this Motion in November 2024, moving the Court to defer or deny the instant Motion. (**ECF No. 36**). That request was denied, (**ECF No. 47**), at which point Luquis-Guadalupe was afforded additional time to file a renewed response to the Motion for Summary Judgment, (**ECF No. 51, 53**), which he filed on April 17, 2025. (**ECF No. 55**).

[2]     Pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 56(c), the Court has only credited material facts that are properly supported by a record citation and are uncontroverted. Under Local Rule 56, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Under the Rule, "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]" D.P.R. LOC. CIV. R. 56(c). Local Rule 56(c), also known as the "anti-ferret rule," is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo P.R. LLC*, 64 F.4th 22, 26 (1st Cir. 2023). Although "violations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time[,]" *id.*, "compliance with Local Rule 56 is a mandate, not a suggestion." *Ramirez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023). Accordingly, where a fact set forth by the movant has not been properly controverted, it will be deemed admitted. *See* D.P.R. LOC. CIV. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").

In his response to Aspen American's Statement of Undisputed Facts, Luquis-Guadalupe repeatedly quips that various purported statements of fact must be "[d]enied and disputed *as characterized*." *See, e.g.*, (**ECF No. 56 at 5 ¶ 15, 6 ¶ 17**) (emphasis added). Yet Luquis-Guadalupe routinely fails to provide evidentiary support for such denials, and instead merely rehashes legal arguments advanced in the Opposition to Aspen American's Motion for Summary Judgment. (**ECF No. 55**). Where the non-movant fails to provide a record citation that calls any alleged fact into genuine dispute, the fact is deemed uncontroverted. D.P.R. LOC. CIV. R. 56(e).

[3]     The Application was completed by Eduardo Pagan, an insurance broker who represented Luquis-Guadalupe. (**ECF No. 28 at 2 ¶ 5**); (**ECF No. 28-1 at 25:14–20**); (**ECF No. 56 at 2 ¶ 5**). Since Luquis-Guadalupe foregoes any argument with respect to Pagan in his opposition to the Motion, the Court does not address Pagan's role in soliciting insurance coverage on behalf of Luquis-Guadalupe. *See generally* (**ECF 55**); (**ECF No. 56 at 2 ¶ 5**).

> WARNING, PLEASE READ CAREFULLY. Please fill out this application with due care and regard to the accuracy of your answers. Do not leave any questions unanswered. The statements and answers provided herein are warranted by the applicant and owner to be true and correct. If incorrect answers are provided (either by error, or omission or neglect), you will be in breach of this warranty and your policy, if issued, will be void from inception. If the policy is issued, this application will form an integral part of the policy. The submission of this application to the Company does not bind the parties to a contract of insurance. This application is part of underwriting process and analysis to determine whether or not to issue the policy.

(**ECF No. 28 at 2–3 ¶ 7**); (**ECF No. 56 at 2–3 ¶ 7**).

The application form included a section titled "Previous Vessels." (**ECF No. 1-1 at 1**). It is undisputed that, at some time between 1996 and 2000, Luquis-Guadalupe owned a Yamaha jet ski. (**ECF No. 28 at 4 ¶ 15 – 5 ¶ 16**); (**ECF No. 56 at 6 ¶¶ 16–17, 7 ¶ 3**). The Application submitted by Luquis-Guadalupe listed several vessels in that section, yet did not include the Yamaha jet ski. (**ECF No. 1-1 at 1**).

The Application also included a section titled "Previous Losses." (**ECF No. 1-1 at 1**). Luquis-Guadalupe completed that section by writing "N/A." (**ECF No. 1-1 at 1**). However, Luquis-Guadalupe had been involved in an accident in 2000 in which a boat he owned was declared a total loss. (**ECF No. 28 at 4 ¶ 13**); (**ECF No. 56 at 4 ¶ 14**). The accident did not occur at sea: Luquis-Guadalupe was towing the boat when he was involved in a car accident. (**ECF No. 28 at 4 ¶ 13**); (**ECF No. 56 at 4 ¶ 14**). The insurer of the boat paid for the loss. (**ECF No. 28 at 4 ¶ 13**); (**ECF No. 56 at 4 ¶ 14**).

In 2018, Aspen American approved the Application and issued a policy insuring the *Descalza* (the "Policy"). (**ECF No. 28 at 2 ¶ 6**); (**ECF No. 56 at 2 ¶ 6**). The Policy included the following conditions:

> All insurance provided by this policy shall be null and void if you, at any time, either intentionally conceal or misrepresent any fact, regardless of materiality, or if you

> misrepresent or conceal any material fact regardless of intent. No action or inaction by us shall be deemed a waiver of this provision.
>
> By accepting this policy, you agree that the statements on the Declarations Page and the application are your agreements and representations. This policy is issued in reliance upon the truth of your representations. It includes all agreements existing between you and us or any of our representatives.

(**ECF No. 28 at 3 ¶ 9**); (**ECF No. 56 at 3 ¶ 9**). Each subsequent year, from 2019 through 2024, Luquis-Guadalupe renewed the Policy. (**ECF No. 28 at 2 ¶ 6**); (**ECF No. 56 at 2 ¶ 6**). During that time, the language on the application form changed. Whereas in 2018 and 2019 the application form prompted applicants to list any "Previous Losses," (**ECF No. 1-1, 1-2**), the application forms from 2020 onwards asked whether "the applicant [has] had any accidents or losses, of any nature (even if no insurance claim was filed), while operating any watercraft?" (**ECF No. 1-3 – 1-7**). For each successive application for renewal of the Policy, Luquis-Guadalupe left that section blank. (**ECF No. 1-3 – 1-7**).

On May 22, 2024, the *Descalza* caught fire. (**ECF No. 28 at 3–4 ¶ 10**); (**ECF No. 56 at 4 ¶ 11**). The fire caused significant damage to the vessel, as well as to neighboring yachts and the nearby dock. (**ECF No. 28 at 3–4 ¶ 10**); (**ECF No. 56 at 4 ¶ 11**). Luquis-Guadalupe promptly filed a claim with Aspen American under the Policy. (**ECF No. 28 at 4 ¶ 11**); (**ECF No. 56 at 4 ¶ 12**). After investigating the claim and discovering that the Application did not include information concerning vessels previously owned by Luquis-Guadalupe, (**ECF No. 28 at 4 ¶ 12 – 5 ¶ 16**); (**ECF No. 56 at 4 ¶ 13 – 6 ¶ 17**), Aspen American filed this action seeking declaratory relief. (**ECF No. 1**).

### III.　Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*,

985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable factfinder could resolve in favor of either party." *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015). "A fact is material if it has the potential of affecting the outcome of the case[.]" *Taite v. Bridgewater State Univ., Bd. of Trustees*, 999 F.3d 86, 93 (1st Cir. 2021) (quotations omitted).

The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020). This initial burden requires the moving party "to make a prima facie showing that it is entitled to summary judgment." *Sierra Perez v. United States*, 779 F. Supp. 637, 641 (D.P.R. 1991). "[W]here it is the moving party who will have the burden of persuasion at trial, the motion must be supported by credible evidence that would entitle [the moving party] to a directed verdict if not uncontroverted at trial." *Id.* (citations and quotations omitted).

Once the moving party has met that burden, "the burden of production shift[s] to the party opposing the motion." *Id.* This burden requires the non-moving party "to demonstrate that a trier of fact reasonably could find in [its] favor." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000). To meet that burden, the non-moving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

On a motion for summary judgment, the Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). Furthermore, the Court must review the record as a whole and avoid assessing the

credibility or gauging the weight of the evidence presented. *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014).

## IV. Analysis

Aiming to deny coverage for the damages caused by the fire, Aspen American seeks a declaratory judgment holding that the Policy covering the *Descalza* is voidable.[4] Specifically, Aspen American contends that Luquis-Guadalupe owed a duty of utmost good faith to Aspen American as an applicant for maritime insurance, and that he breached this duty by omitting information from the Application that was material to the assessment of insurance risk. (**ECF No. 27 at 6–8**); (**ECF No. 29 at 5–14**). On that ground, Aspen American argues that the Policy is voidable. (**ECF No. 27 at 6–8**). Luquis-Guadalupe urges the Court to refrain from granting summary judgment, insisting that triable issues of fact exist concerning the materiality of the facts that he failed to disclose on the Application. *See generally* (**ECF No. 55**).

### A. Uberrimae Fidei

Maritime insurance contracts are governed by the doctrine of *uberrimae fidei*, a Latin phrase that translates roughly to "the utmost good faith." *See Catlin at Lloyd's v. San Juan Towing & Marine*, 778 F.3d 69, 71 n.2 (1st Cir. 2015).[5] The doctrine embodies a "strict rule" that requires an applicant for maritime insurance to "make full disclosure of all material facts of which the insured has, or ought to have, knowledge[.]" *Grande v.*

---

[4] Aspen American also moves for summary judgment on Count 2 of the Amended Complaint, (**ECF No. 27 at 8–12**), which alleges that the same omissions or misrepresentations in the Application violated an express warranty of truthfulness set forth in the Application and the Policy. (**ECF No. 27 at 8–9**); (**ECF No. 29 at 14–15**). Because the Court finds that the Policy is voidable under the doctrine of *uberrimae fidei*, the Court declines to address whether the policy is also void under Count 2. As to Counts 3 and 4 of the Amended Complaint, (**ECF No. 27 at 9–11**), because Aspen American has not moved for summary judgment on those counts, (**ECF No. 29 at 2**), they are also not addressed by this Opinion and Order.

[5] The parties do not dispute that this is a maritime insurance contract and that the application of *uberrimae fidei* is appropriate in this case. (**ECF No. 29 at 9**); (**ECF No. 55 at 7**).

*St. Paul Fire & Marine Ins. Co.*, 436 F.3d 277, 283 (1st Cir. 2006) (quotations omitted). That burden falls exclusively on the insured party: the insured is required to make full disclosure of all material facts even where the insurer makes no inquiry concerning such facts. *Id*. at 283. If the insured fails to make all such disclosures, "the insurer may void the marine insurance policy at its option." *Catlin at Lloyd's*, 778 F.3d at 83.

In this context, a material fact is one "which can possibly influence the mind of a prudent and intelligent insurer in determining whether it will accept [a] risk." *Catlin at Lloyd's*, 778 F.3d at 82 (quotations omitted). In other words, "materiality means something that affects the risk and might lead either to a higher premium or a refusal of insurance." *Grande*, 436 F.3d at 283. Under this "objective standard[,] . . . [m]ateriality is to be gleaned by evaluating the likely impact of facts that may influence a prudent insurer when considering whether to issue a particular policy." *QBE Seguros v. Morales-Vázquez*, 986 F.3d 1, 11 (1st Cir. 2021) (holding that a previous grounding of the ship was a fact material to the insurer's risk). If the insurer establishes that the information omitted or misrepresented was "material," nothing more is needed for the insurer to void the insurance policy at its option: it does not matter whether the insured omitted material information out of neglect, malice, or accident. *St. Paul Fire & Marine Ins. Co. v. Halifax Trawlers, Inc.*, 495 F. Supp. 2d 232, 240 (D. Mass. 2007) (noting that the duty to disclose exists "independent of intent") (citing *Sun Mut. Ins. Co. v. Ocean Ins. Co.*, 107 U.S. 485, 510 (1883)); *Catlin (Syndicate 2003) at Lloyd's v. San Juan Towing & Marine Services, Inc.*, 974 F.Supp.2d 64, 78 (D.P.R. 2013) ("It is of no consequence whether the insured's misrepresentation or nondisclosure occurred due to fraud, negligence, accident, or mistake") (quotations omitted). Whether the insurer actually relied on the omission or misrepresentation is also irrelevant. *QBE Seguros v. Morales-Vázquez*, 986 F.3d 1, 9 (1st

Cir. 2021) (holding that actual reliance need not be established to trigger the application of *uberrimae fidei*).

In the context of *uberrimae fidei*, materiality is a "mixed" question of fact and law, and the resolution of questions of materiality "is necessarily a function of context and circumstances." *Grande*, 436 F.3d at 283. As such, questions of materiality are "ordinarily left to the trier of fact unless the outcome is so clear that a reasonable jury could decide it only one way." *Id*. There is no doubt that, at the very least, a prior loss *may* constitute a material fact. *See, e.g., QBE Seguros v. Morales-Vázquez*, 986 F.3d 1, 11 (1st Cir. 2021) (holding that the trier of fact did not err by concluding that failure to disclose earlier grounding of different vessel constituted a material omission). And courts have also found that information regarding prior vessel ownership may constitute a material fact, such that the omission of such facts may render the insurance contract voidable. *See Markel American Ins. Co. v. Veras*, 995 F. Supp. 2d 65, 76 (D.P.R. 2014).[6] The parties dispute, however, whether the information omitted by Luquis-Guadalupe from the Application was material as a matter of law, such that no reasonable trier of fact could find otherwise.

Persuasive authorities favor a broad conception of materiality. In *Markel American Insurance*, for instance, the Honorable Judge Daniel R. Domínguez granted summary judgment under circumstances similar to those presented by the instant motion, holding that the insured's failure to disclose (1) the accurate purchase price of the

---

[6]  Luquis-Guadalupe contends that he technically did not fail to disclose the full history of all vessels that he had previously owned, since a jet ski should not be classified as a "vessel." (**ECF No. 55 at 6–7**). That argument is not persuasive. "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. This capacious definition plainly encompasses the watercraft at issue here: a jet ski is no less a vessel than a dredge or a scow. *See Stewart v. Dutra Const. Co.*, 543 U.S. 481, 491 (2005). And to the extent that Luquis-Guadalupe held a genuine belief when completing the Application that a jet ski does not constitute a vessel, that fact would be "of no consequence." *Catlin (Syndicate 2003) at Lloyd's*, 974 F.Supp.2d at 78.

insured vessel, (2) previous ownership of four other boats, (3) prior loss history, and (4) the fact that the insured vessel was marketed for sale, each constituted material omissions as a matter of law. *Markel American Ins. Co.*, 995 F. Supp. 2d at 76–77. Thus, the Court finds the approach taken in *Markel American Insurance* persuasive: the Court agrees that omissions regarding prior vessel ownership and prior loss history deprive the insurer a crucial "opportunity to investigate and inquire about prior losses" in search of information that would inform the calculation of risk. *Markel American Ins. Co.*, 995 F. Supp. 2d at 76. Moreover, prior loss history is material not only to the decision of whether to provide insurance coverage, but also to the decision of what premium to charge. Where an individual seeking maritime insurance coverage has previously lost a maritime vessel and had another maritime insurance company cover that total loss, there is no doubt that such information could "possibly influence the mind of a prudent and intelligent insurer in determining whether it will accept [a] risk." *Catlin at Lloyd's*, 778 F.3d at 82. As such, the Court finds that the two omissions from the Application – the prior total loss suffered by Luquis-Guadalupe and the jet ski that he previously owned – together establish "materiality" as a matter of law. [7]

This conclusion is compatible with the approach taken by other courts across the federal judiciary. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 420 (9th Cir. 1998) (holding that loss history is "material" to insurance underwriter's risk assessment as a matter of law); *see also St. Paul Fire & Marine Ins. Co. v. Matrix Posh, LLC*, Civ. No. 10-4776, 2012 WL 1530926, at *4 (E.D.N.Y. April 30, 2012), *aff'd*, 507 Fed.

---

[7] The Court does not here rule that, standing alone, Defendant's failure to disclose his prior ownership of the jet ski constituted a fact "material" to the insurance application such that *uberrimei fidei* applies as a matter of law. Here, the Court finds that the conjunction of that omission with the omission regarding a prior total loss together satisfy the "materiality" requirement of *uberrimae fidei*.

Appx. 94 (2d Cir. 2013) ("[c]ommon sense tells us that an applicant's prior loss history is material to a reasonable insurance company's decision whether to insure that applicant") (quotations and citations omitted); *see also Great Lakes Reinsurance PLC v. Arbos*, Civ. No. 08-20439, 2009 WL 8642003, at *5 (S.D. Fla. Jan. 6, 2009) (granting summary judgment in favor of insurer after concluding that "a prospective insured's loss history is undoubtedly material, as it might have a bearing on the risk to be assumed by the insurer, and no reasonable juror could find otherwise.").[8] The Court therefore elects to follow the approach of *Markel American Insurance* and holds that the undisputed omissions in Luquis-Guadalupe's Application are "material" and trigger the application of *uberrimae fidei*.

The varied arguments raised by Luquis-Guadalupe in opposition do not alter this calculus. First, although Luquis-Guadalupe insists that the temporal remoteness of the undisclosed prior loss raises a genuine question about its materiality, (**ECF No. 55 at 5**), he provides neither legal support nor any developed argument to explain why a total loss may be deemed immaterial simply because it is temporally remote. No matter the temporal proximity of a total prior loss, the failure to disclose such information deprives the insurer a crucial "opportunity to investigate and inquire about prior losses" in search of information that would inform the calculation of risk. *Markel American Ins. Co.*, 995

---

[8] While there is one case from this District that has reached the contrary result, this conclusion was premised on grounds that are no longer good law. *See QBE Seguros v. Morales-Vázquez*, No. CV 15-2091 (BJM), 2017 WL 5479458, at *5 (D.P.R. Nov. 14, 2017). In that case, the Honorable Magistrate Judge Bruce J. McGiverin declined to grant summary judgment for the insurer, although it was undisputed that the insured had failed to comprehensively disclose his "prior boating history and prior losses." *Id*. Despite noting that "[p]rior loss history is normally a material fact in an insurance contract[,]" Judge McGiverin held that the insured had raised a genuine dispute of material fact over whether the insurer had actually relied upon the misrepresentations in the insurance application, and thus had created a genuine dispute as to whether the omitted information was "material." *Id*. On appeal, however, the First Circuit held squarely that there is no "actual reliance requirement within the doctrine of uberrimae fidei." *QBE Seguros v. Morales-Vázquez*, 986 F.3d 1, 9 (1st Cir. 2021), *cert. denied*, 142 S.Ct. 424 (2021).

F. Supp. 2d at 76. The same holds true with respect to the way in which Luquis-Guadalupe suffered the prior loss: despite Luquis-Guadalupe's arguments to the contrary, (**ECF No. 55 at 5**), the Court finds that the loss of the watercraft, which was declared a total loss and paid for by the insurer of the watercraft, was not rendered immaterial by the fact that it took place on land. The total prior loss suffered by Luquis-Guadalupe and covered by his prior insurer may have been the result of any number of factors: fraud, neglect, or just plain bad luck, for instance. Common sense tells us that some of those factors would give a prospective maritime insurer serious cause for concern. It stands to reason, then, that any prudent insurer would consider such a prior total loss a factor that "might lead either to a higher premium or a refusal of insurance." *Grande*, 436 F.3d at 283. In sum, under the doctrine of *uberrimae fidei*, where an insured party has suffered a prior total loss of a maritime vessel and the insurer of the vessel has paid for that loss, a prospective marine insurer is entitled to an opportunity to investigate those events. *Markel American Ins. Co.*, 995 F. Supp. 2d at 76.[9]

Likewise, Luquis-Guadalupe provides no legal support for the argument that ambiguity in the application form relieved him of the obligation to present all material information to Aspen American. *See* (**ECF No. 55 at 8–9**). Luquis-Guadalupe stresses that, from 2020 onwards, the language of the application form was modified by Aspen American such that instead of inquiring about "Previous Losses" the application form asked more specifically "Has the applicant had any accidents or losses, of any nature (even if no insurance claim was filed), *while operating any watercraft*? If the answer is yes,

---

[9] Nor is there any significance to the fact that there exists no apparent "causal connection" between the earlier loss and the fire that took place on the *Descalza*, (**ECF No. 55 at 5**), as there is no such requirement under the doctrine of *uberrimae fidei*.

please provide specific information[.]" (**ECF No. 55 at 6**) (emphasis added); (**ECF No. 1-3 – 1-7**). Yet any argument that the language of the application form excused the material omissions in question ignores the fact that *uberrimae fidei* strictly requires the insured to disclose all material information, regardless of whether that information is affirmatively sought by the insurer. *See Grande*, 436 F.3d at 283 (noting that, under the doctrine of *uberrimae fidei*, the insured is required to make full disclosure of all material facts even where the insurer makes no inquiry concerning such facts). Because Luquis-Guadalupe's prior loss history was material, failure to disclose that information constituted a breach of the utmost duty of good faith; the language of the application form does not change that fact.

Finally, Luquis-Guadalupe argues that Aspen American waived its *uberrimae fidei* defense by renewing the Policy multiple times. (**ECF No. 55 at 10**). Perhaps that would be true if Aspen American renewed the Policy while aware of the information originally withheld on the Application, but Luquis-Guadalupe never disputes that Aspen American became aware of the information omitted from the Application only *after* the *Descalza* caught fire. (**ECF No. 28 at 4 ¶¶ 12–13**); (**ECF No. 56 at 4 ¶¶ 13–14**). Luquis-Guadalupe thus provides no evidentiary support for the notion that Aspen American knowingly waived its right to the information withheld from the Application. *See* (**ECF No. 55 at 10**); *see also QBE Seguros v. Morales-Vázquez*, Civ. No. 15-2091, 2017 WL 5479458, at *5 (D.P.R. Nov. 14, 2017) (noting that, "[i]n contract law, [w]aiver is the intentional relinquishment of a known right, and a party's intent to waive a right can be

drawn from conduct that is inconsistent with the assertion of that right.") (quotations omitted).[10]

Accordingly, the Court grants summary judgment in favor of Aspen American as to Count 1.[11]

## V. Conclusion

For the reasons set forth above, the Court finds that there is no genuine dispute of material fact in this matter. The parties do not dispute that the Application for insurance coverage filed by Luquis-Guadalupe omitted information about his prior boating history. The Court finds that the information omitted was material as a matter of law. As such, the resulting Policy is voidable under the doctrine of *uberrimae fidei*. Defendants' Motion for Summary Judgment is accordingly **GRANTED** in part. Because the Court finds that the Policy is voidable under the doctrine of *uberrimae fidei*, Counts 2, 3, and 4 are dismissed as moot. Declaratory Judgment shall follow accordingly. This case is **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of August, 2025.

*/s/ Maria Antongiorgi-Jordan*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] In an effort to avoid summary judgment, Luquis-Guadalupe also proposes in a conclusory manner that expert testimony is "required" in order to establish the materiality of the information not disclosed on the Application. (**ECF No. 55 at 10**). That position is inconsistent with controlling precedent: in *uberrimae fidei* cases, there are sometimes instances in which "the outcome is so clear" that summary judgment is appropriate based solely on facts undisputed between the parties. *See Grande*, 436 F.3d at 283 (noting that materiality is "ordinarily left to the trier of fact unless the outcome is so clear that a reasonable jury could decide it only one way").

[11] Upon answering the Complaint, Luquis-Guadalupe counterclaimed against Aspen American for breach of contract. (**ECF No. 10 at 8 ¶ 1 – 10 ¶ 19**). Aspen American now moves for dismissal of that claim. (**ECF No. 29 at 17**). That claim is hereby **DISMISSED** with prejudice. Where the doctrine of *uberrimae fidei* is applicable, "the insurer may void the marine insurance policy at its option." *Catlin at Lloyd's*, 778 F.3d at 83. Having concluded that Aspen American prevails in that defense against Luquis-Guadalupe's claim for breach of contract, dismissal of the Counterclaim is warranted.